## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| VALENTINA DE LOS ANGELES T. M., | Case No. 26-cv-542 (LMP/DJF) |
| Petitioner, | |
| v. | |
| DAVID EASTERWOOD, *in his official capacity as Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; JOEL D. GARCIA, *in his official capacity as Field Office Director, El Paso Field Office, U.S. Immigration and Customs Enforcement*; TODD LYONS, *in his official capacity as Director of U.S. Immigration and Customs Enforcement*; KRISTI NOEM, *in her official capacity as Secretary of Homeland Security*; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and PAMELA BONDI, *in her official capacity as Attorney General of the United States*, | **ORDER DISMISSING HABEAS PETITION** |
| Respondents. | |

Brian D. Clark, **Lockridge Grindal Nauen PLLP, Minneapolis, MN**, for Petitioner.

Friedrich A. P. Siekert, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

On January 21, 2026, Petitioner Valentina T. M. filed a petition for a writ of habeas corpus alleging that Respondents (the "Government") unlawfully arrested and detained her on January 14, 2026, in Minneapolis, Minnesota, in violation of the Immigration and

Nationality Act ("INA") and the Fourth and Fifth Amendments to the United States Constitution. *See generally* ECF No. 1. Before filing this petition, however, Valentina T. M. was transferred to the Camp East Montana detention center in El Paso, Texas, on January 17, 2026. *See id.* ¶¶ 7, 14. Valentina T. M. then filed a habeas petition in the United States District Court for the Western District of Texas on January 19, 2026, asserting nearly identical claims as those she asserts here. *See generally* ECF No. 10-2. The Government contends that because Valentina T. M. was known to be detained in Texas, not Minnesota, at the time she filed her petition here, this Court lacks subject-matter jurisdiction over her claims. *See* ECF No. 5 at 2–3.

Upon careful review of Valentina T. M.'s petition, the parties' arguments, and the record in this matter, the Court concludes that it lacks subject-matter jurisdiction to hear Valentina T. M.'s claims and, for that reason, must dismiss her petition.

## BACKGROUND

Valentina T. M. is a Venezuelan national who entered the United States as an unaccompanied minor, along with her own infant child, in March 2024. ECF No. 1 ¶¶ 1–2, 16. Upon arriving at the United States border, Valentina T. M. was placed in a humanitarian shelter for approximately one month. *Id.* ¶ 2. After the Government determined that Valentina T. M. was neither dangerous nor a flight risk, she was released to the care of her legal guardian in Minnesota. *Id.* Valentina T. M. has no criminal history and has complied with all lawful orders regarding her immigration status since her arrival in the United States. *Id.* ¶¶ 1–2.

Valentina T. M. was arrested without a warrant by immigration officials at her home in Minneapolis on Wednesday, January 14, 2026, *id.* ¶¶ 3, 6, and was initially detained at the Bishop Henry Whipple Federal Building ("Whipple") at Fort Snelling in Minnesota, *see* ECF No. 8 ¶ 3. She retained counsel at around 11:00 a.m. on Saturday, January 17, 2026, and her counsel promptly began preparing a petition for a writ of habeas corpus. *See id.* ¶¶ 2–4. Valentina T. M.'s counsel called United States Immigration and Customs Enforcement ("ICE") at 2:34 p.m. to ascertain Valentina T. M.'s location, and the person who took counsel's call confirmed that Valentina T. M. was still detained at Whipple and that "there was no plan to move her." *Id.* ¶ 3. Nevertheless, at 7:20 p.m., while preparing to file Valentina T. M.'s habeas petition in this District, counsel learned that Valentina T. M. had been transferred to the Camp East Montana detention facility in El Paso, Texas. *Id.* ¶ 5; *see* ECF No. 1 ¶ 7.

Concerned about the possibility that Valentina T. M. could be removed from the United States before a habeas petition could be filed on her behalf, Valentina T. M.'s counsel filed a habeas petition in the Western District of Texas on January 19, 2026. *See* ECF No. 7 ¶ 2; ECF No. 1 ¶ 14; *see also generally* ECF No. 10-2. Two days after filing that habeas petition in the Western District of Texas, Valentina T. M.'s counsel filed a habeas petition on her behalf in this District on January 21, 2026. ECF No. 7 ¶ 3; *see generally* ECF No. 1. Here, Valentina T. M. raises four claims: (1) a Fifth Amendment procedural due process claim, ECF No. 1 ¶¶ 31–37; (2) a Fifth Amendment substantive due

process claim, *id.* ¶¶ 38–46; (3) a procedural due process claim for violation of the INA, *id.* ¶¶ 47–57; and (4) a Fourth Amendment unlawful arrest claim, *id.* ¶¶ 58–67.[1]

On January 22, 2026, the Court ordered the Government to respond to Valentina T. M.'s petition by January 29, 2026. ECF No. 3. The Government timely responded, ECF No. 5, and Valentina T. M. filed a reply on January 30, 2026, ECF No. 6. Valentina T. M. also filed additional information about her case in Texas at the request of the Court. ECF No. 10.

## ANALYSIS

The Government argues that the Court lacks subject-matter jurisdiction over Valentina T. M.'s habeas petition because she was detained in Texas, not Minnesota, at the time she filed it. ECF No. 5 at 2–3. Valentina T. M.'s counsel notes that the circumstances surrounding her transfer from Minnesota to Texas are "highly unusual," ECF No. 7 ¶ 4, and Valentina T. M. alleges that the transfer "was intended to move [her] out of this state and away from this Court's jurisdiction," ECF No. 1 ¶ 7; *see also* ECF No. 8 ¶ 6. While the Court shares Valentina T. M.'s concerns about the timing of her transfer from Minnesota to Texas, the Court nonetheless concludes that it lacks jurisdiction over Valentina T. M.'s petition.

Subject-matter jurisdiction refers to a court's "statutory or constitutional power to adjudicate the case." *Thigulla v. Jaddou*, 94 F.4th 770, 773 (8th Cir. 2024) (emphasis

---

[1]    Valentina T. M. raises all but the Fourth Amendment claim in her habeas petition filed in the Western District of Texas. *See* ECF No. 10-2 ¶¶ 29–54.

omitted) (citation omitted).  If a court determines that it lacks subject-matter jurisdiction to hear a petitioner's claims, at any time and for any reason, the court may not reach the merits of those claims and must dismiss the case.  *See id.* at 777–78 (collecting cases); *Brownback v. King*, 592 U.S. 209, 218, 218 n.8 (2021) (citation omitted) ("[A] court cannot issue a ruling on the merits when it has no jurisdiction because to do so is, by very definition, for a court to act [beyond its authority]." (internal quotation marks omitted)); Fed. R. Civ. P. 12(h)(3).

Ordinarily, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).  This principle is confirmed by the text of the habeas statute, which notes that "writs of habeas corpus may be granted" by district courts "within their respective jurisdictions," and further requires that circuit judges issuing such writs must enter them "in the records of the district court of the district *wherein the restraint complained of is had*."  28 U.S.C. § 2241(a) (emphasis added).  There is no dispute that Valentina T. M. is currently confined in Texas, not Minnesota, and has been detained there since before her habeas petition was filed in this District.  *See* ECF No. 7 ¶ 2; ECF No. 1 ¶ 57 (alleging that Valentina T. M. "is currently detained in a facility in El Paso, Texas").  Therefore, under controlling law, "jurisdiction lies" in the judicial district where El Paso is located: the Western District of Texas.  *Padilla*, 542 U.S. at 443; *see* 28 U.S.C. § 2241(a).  Valentina T. M.—or perhaps more accurately, her counsel—appear to understand the bounds of this general rule by virtue of the filing of a habeas petition on her behalf in the

Western District of Texas upon counsel learning of her transfer to El Paso. *See* ECF No. 1 ¶ 14; ECF No. 7 ¶ 2.

There are exceptions to the general rule, however. For instance, "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate [her] release." *Padilla*, 542 U.S. at 441 (discussing *Ex parte Endo*, 323 U.S. 283 (1944)). Courts also have recognized an exception in circumstances where the petitioner's place of confinement is unknown at the time of filing—such as when the petitioner is in transit between detention facilities—or where immigration authorities have not disclosed where or by whom the petitioner is being detained, and the circumstances surrounding the petitioner's detention have prevented or precluded contact with counsel. *Adriana M. Y. M. v. Easterwood*, No. 26-cv-213 (JWB/JFD), 2026 WL 184721, at *2 (D. Minn. Jan. 24, 2026); *see Aleksander B. v. Trump*, No. 26-cv-170 (KMM/DJF), 2026 WL 172435, at *2 (D. Minn. Jan. 22, 2026); *Ozturk v. Hyde*, 136 F.4th 382, 392 (2d Cir. 2025); *accord Padilla*, 542 U.S. at 450 n.18 (acknowledging that when a petitioner "is held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules").

Neither exception applies here. First, regardless of the reasons for the transfer, Valentina T. M. was transferred to Texas before her habeas petition was filed here. *See* ECF No. 1 ¶ 14; ECF No. 7 ¶ 2. Therefore, the limited exception established in *Endo* and acknowledged in *Padilla*, 542 U.S. at 441—that a district court retains jurisdiction over a

habeas petition properly filed in the then-present district of confinement when the petitioner is *subsequently* transferred outside that court's district—is inapplicable here.

Second, Valentina T. M.'s location was known at the time her habeas petition was filed, which is evident by the filing of the first petition in the Western District of Texas. *See* ECF No. 1 ¶ 14; ECF No. 10-2. Notably, Valentina T. M. names Joel D. Garcia, ICE's El Paso Field Office Director, as her "immediate legal custodian" in that earlier-filed petition. *See* ECF No. 10-2 ¶ 12; ECF No. 1 ¶ 18 (naming Garcia as her "current custodian"); *see also Padilla*, 542 U.S. at 444 ("[T]he immediate custodian rule applies to core habeas challenges to present physical custody. By definition, the immediate custodian and the prisoner reside in the same district."). And in any event, Valentina T. M.'s petition here was filed on January 21, 2026—four days after she was transferred to Texas, and two days after the first habeas petition was filed on her behalf in the Western District of Texas. ECF No. 1 ¶ 14.

The Court has reviewed the cases on which Valentina T. M. relies, but they are distinguishable and therefore inapplicable. The courts in nearly all of those cases found jurisdiction based on the exceptions to the district of confinement rule because the petitioners' locations and immediate custodians were unknown or undisclosed at the time the habeas petitions were filed. *See Tah L. v. Trump*, No. 26-cv-171 (MJD/SGE), 2026 WL 184524, at *4 (D. Minn. Jan. 19, 2026) (finding exception applied because petitioner's counsel "reasonably believ[ed]" the petitioner was "detained in Minnesota" at the time petition was filed); *Abdiselan A. A. v. Bondi*, No. 26-cv-358 (JRT/ECW), 2026 WL 161526, at *2 (D. Minn. Jan. 21, 2026) (finding exception applied because it was unclear "that in

the course of preparing the habeas petition, Petitioner's counsel had any means to determine when and whether Respondents intended to move Petitioner somewhere else in the country, and, if so, where"); *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 393 (D.N.J. 2025) (finding exception applied because "counsel did not know and could not find out who Petitioner's immediate custodian was when his petition was filed" (citation modified)).  Those exceptions do not apply here.

The closest case on the facts that Valentina T. M. cites is *de Jesus Paiva v. Aljets*, No. 03-cv-607 (DWF/AJB), 2003 WL 22888865 (D. Minn. Dec. 1, 2003).  In that case, upon arrest by ICE in Minnesota, the petitioners were immediately transferred to Pennsylvania, and they later filed a habeas petition in the District of Minnesota.  *See id.* at *1.  The court in Minnesota exercised jurisdiction, noting, as an exception to the general rule relating to habeas jurisdiction, situations in which immigration officials "spirit[] 'an alien from one site to another in an attempt to manipulate jurisdiction,'" *id.* at *4 (quoting *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000)), and citing concerns that the "practical effect of ICE's decision to transport Petitioners from Minnesota to Pennsylvania was to prevent them from filing their Petition while they were present in" Minnesota, *id.*  While this scenario more closely aligns with Valentina T. M.'s factual allegations and legal contentions here, *de Jesus Paiva* was decided one year before the Supreme Court's decision in *Padilla*.  Therefore, to the extent *de Jesus Paiva* had any persuasive effect, it cannot supersede *Padilla*.

The Court notes that the Government does not meaningfully address, much less refute, the claim that Valentina T. M. was moved from Minnesota to Texas within hours of

8

her counsel contacting ICE, or that an ICE representative confirmed to her counsel not only that Valentina T. M. was then detained in Minnesota but also that "there were no plans to move" her.  ECF No. 8 ¶ 6.  The Court takes Valentina T. M.'s counsel at their word, and their representations are deeply troubling.  But troubling as these circumstances may be, they do not permit this Court to act beyond its authority or to set aside clearly established law.  Absent any exceptions to the general district of confinement rule, *Padilla* controls.  And *Padilla* unambiguously holds that "jurisdiction lies" only in "the district of confinement."  542 U.S. at 443.  In Valentina T. M.'s case, that is the Western District of Texas.

The Court ordinarily would transfer this case to the appropriate jurisdiction.  *See Fausto T. v. Bondi*, No. 26-cv-748 (PJS/EMB), ECF No. 3 (D. Minn. Jan. 27, 2026).  Since Valentina T. M. has already filed a habeas petition in the appropriate jurisdiction, however, the Court believes that transferring this matter would only result in duplicative actions involving the same essential facts and claims.  And because this Court concludes that it lacks jurisdiction to hear Valentina T. M.'s claims, the Court must dismiss the petition.  *See Thigulla*, 94 F.4th at 777–78; Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

Based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that Valentina T. M.'s Verified Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

Dated: February 4, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge